**Rule 1115. Content of the Petition for Allowance of Appeal.**

(a) *General rule*. The petition for allowance of appeal need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

[(1)] **1.** A reference to the official and unofficial reports of the opinions delivered in the courts below, if any, and if reported. Any such opinions shall be appended as provided in **item 6 of** [P]paragraph **(a)**[6] of this **[subdivision]rule**.

[(2)] **2.** The text of the order in question, or the portions thereof sought to be reviewed, and the date of its entry in the appellate court below. If the order is voluminous, it may, if more convenient, be appended to the petition.

[(3)] **3.** The questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed.

[(4)] **4.** A concise statement of the case containing the facts material to a consideration of the questions presented.

[(5)] **5.** A concise statement of the reasons relied upon for allowance of an appeal. *See* **[Rule]Pa.R.A.P.** 1114 **[(considerations governing allowance of appeal)]**.

[(6)] **6.** There shall be appended to the petition a copy of any opinions delivered relating to the order sought to be reviewed, as well as all opinions of government units or lower courts in the case, and, if reference thereto is necessary to ascertain the grounds of the order, opinions in companion cases. If an application for reargument was filed in the Superior Court or Commonwealth Court, there also shall be appended to the petition a copy of any order granting or denying the application for reargument. If whatever is required by this paragraph to be appended to the petition is voluminous, it may, if more convenient, be separately presented.

[(7)] **7.** There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations or other similar enactments which the case involves, and the citation to the volume and page where they are published, including the official edition, if any**.**

(b) *Caption and parties*. All parties to the proceeding in the appellate court below shall be deemed parties in the Supreme Court, unless the petitioner shall notify the

Prothonotary of the Supreme Court of the belief of the petitioner that one or more of the parties below have no interest in the outcome of the petition. A copy of such notice shall be served on all parties to the matter in the lower court, and a party noted as no longer interested may remain a party in the Supreme Court by filing a notice that he has an interest in the petition with the Prothonotary of the Supreme Court. All parties in the Supreme Court other than petitioner shall be named as respondents, but respondents who support the position of the petitioner shall meet the time schedule for filing papers which is provided in this chapter for the petitioner, except that any response by such respondents to the petition shall be filed as promptly as possible after receipt of the petition.

(c) *No supporting brief*. All contentions in support of a petition for allowance of appeal shall be set forth in the body of the petition as provided by **item 5 of [P]p**aragraph (a)**[(5)]** of this rule. Neither the briefs below nor any separate brief in support of a petition for allowance of appeal will be received, and the Prothonotary of the Supreme Court will refuse to file any petition for allowance of appeal to which is annexed or appended any brief below or supporting brief.

(d) *Essential requisites of petition*. The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

(e) *Multiple petitioners*. Where permitted by **[Rule]Pa.R.A.P.** 512 **[(joint appeals)]** a single petition for allowance of appeal may be filed.

**(f) *Length*. A petition for allowance of appeal shall not exceed 9,000 words. A petition for allowance of appeal that does not exceed 20 pages when produced by a word processor or typewriter shall be deemed to meet the 9,000 word limit. In all other cases, the attorney or the unrepresented filing party shall include a certification that the petition complies with the word count limit. The certificate may be based on the word count of the word processing system used to prepare the petition.**

**(g) Supplementary matter. The cover of the petition for allowance of appeal, pages containing the table of contents, table of citations, proof of service, signature block and anything appended to the petition under subparagraphs (a)(6) and (a)(7) shall not count against the word count limitations of this rule.**

**Official Note**

Former Supreme Court Rule 62 permitted the petitioner in effect to dump an undigested mass of material (**[i.e.,]such as** briefs in and opinions of the court below) in the lap of the Supreme Court, with the burden on the individual justices and their law

2

clerks to winnow the wheat from the chaff. This rule, which is patterned after U.S. Supreme Court Rule **[23]** <u>14</u>, places the burden on the petitioner to prepare a succinct and coherent presentation of the case and the reasons in support of allowance of appeal.

*     *     *

**Rule 1116. Answer to the Petition for Allowance of Appeal.**

(a) *General rule.* Except as otherwise prescribed by this rule, within 14 days after service of a petition for allowance of appeal an adverse party may file an answer. The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized. The answer need not be set forth in numbered paragraphs in the manner of a pleading, shall set forth any procedural, substantive or other argument or ground why the order involved should not be reviewed by the Supreme Court and shall comply with **[Rule]Pa.R.A.P.** 1115(a)**.[(]**7**[)]** **[(content of petition for allowance of appeal)]**. No separate motion to dismiss a petition for allowance of appeal will be received. A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for filing an answer, file a letter stating that an answer to the petition for allowance of appeal will not be filed. The failure to file an answer will not be construed as concurrence in the request for allowance of appeal.

(b) *Children's fast track appeals.* In a children's fast track appeal, within 10 days after service of a petition for allowance of appeal, an adverse party may file an answer.

**(c)** *Length.* **An answer to a petition for allowance of appeal shall not exceed 9,000 words. An answer that does not exceed 20 pages when produced by a word processor or typewriter shall be deemed to meet the 9,000 word limit. In all other cases, the attorney or the unrepresented filing party shall include a certification that the answer complies with the word count limit. The certificate may be based on the word count of the word processing system used to prepare the answer.**

**(d) Supplementary matter. The cover of the answer, pages containing the table of contents, table of citations, proof of service, signature block and anything appended to the answer shall not count against the word count limitations of this rule.**

 **Official Note**

    This rule and **[Rule]Pa.R.A.P.** 1115 contemplate that the petition and answer will address themselves to the heart of the issue, **[i.e.,]such as** whether the Supreme Court ought to exercise its discretion to allow an appeal, without the need to comply with the formalistic pattern of numbered averments in the petition and correspondingly numbered admissions and denials in the response. While such a formalistic format is appropriate when factual issues are being framed in a trial court (as in the petition for review under Chapter 15) such a format interferes with the clear narrative exposition necessary to outline succinctly the case for the Supreme Court in the allocatur context.